UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>        Plaintiff,<br>v.<br><br>BACK NINE MAINTENANCE, LLC;<br>TREVOR DICKERSON; MARIO MENAZ;<br>and RAMONA RODRIGUEZ,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM<br>(DOC. NO. 43)** |
| BACK NINE MAINTENANCE, LLC; and<br>TREVOR DICKERSON,<br><br>        Counterclaim and Third-Party<br>        Plaintiffs,<br>v.<br><br>NAUTILUS INSURANCE COMPANY,<br><br>        Counterclaim Defendant,<br>and<br><br>INSZONE INSURANCE SERVICES, LLC,<br><br>        Third-Party Defendant. | Case No. 2:24-cv-00006<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

In this insurance coverage dispute, Back Nine Maintenance, LLC and Trevor Dickerson move for leave to file an amended answer and counterclaim.[1]  Back Nine and

---

[1] (Mot. for Leave to File an Am. Answer and Countercl. Against Nautilus Ins. Co. (Mot.), Doc. No. 43.)

Mr. Dickerson[2] seek to add an affirmative defense on the grounds that Nautilus Insurance Company did not timely inform them it intended to seek recission of the insurance policy at issue.[3]  They also seek to include new counterclaims against Nautilus for breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty—based on similar allegations (that Nautilus has no basis to seek rescission or refuse to defend them because it did not timely inform them of its intention to rescind).[4]  Back Nine and Mr. Dickerson assert they recently learned the facts supporting the new affirmative defense and counterclaims in discovery.[5]  Nautilus opposes the motion to amend, arguing (1) it was untimely filed after the deadline to move to amend pleadings, (2) permitting amendment would unduly prejudice Nautilus, and (3) the proposed amendment would be futile because it would not survive a motion for summary judgment.[6]

As explained below, Back Nine and Mr. Dickerson have shown good cause to extend the deadline to amend pleadings, and the motion was filed within a reasonable time after they discovered the factual basis for the proposed amendment.  Further, Nautilus has not shown amendment at this stage would be unduly prejudicial, and its

---

[2] There were originally two defendants in this case with the surname Dickerson. Defendant Bruce Dickerson was dismissed as a party to this action on April 25, 2024. (*See* Doc. No. 40.)  As used in this order, Mr. Dickerson refers to Trevor Dickerson.

[3] (Mot. 2, Doc. No. 43.)

[4] (*Id.* at 2–3.)

[5] (*Id.* at 3.)

[6] (Nautilus Ins. Co.'s Resp. in Opp'n to Back Nine Maint., LLC and Trevor Dickerson's Mot. for Leave to File an Am. Answer and Countercl. (Opp'n), Doc. No. 47.)

futility arguments are more appropriately addressed in the context of dispositive motions.  Accordingly, the motion for leave to amend is granted.

<u>LEGAL STANDARDS</u>

Rule 15 of the Federal Rules of Civil Procedure provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[7]  "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."[8] Rule 15 instructs courts to "freely give leave when justice so requires."[9]  "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[10]  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test [the] claim on the merits."[11]  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by

---

[7] Fed. R. Civ. P. 15(a)(2).

[8] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (alteration in original) (citation omitted).

[9] Fed. R. Civ. P. 15(a)(2).

[10] *Minter*, 451 F.3d at 1204 (internal quotation marks omitted).

[11] *Id.* (citation omitted).

amendments previously allowed, or futility of amendment."[12]  Prejudice to the opposing party is the "most important" factor in deciding whether to permit amendment.[13]

In addition to satisfying the Rule 15(a) standard, a party seeking leave to amend pleadings after the deadline in the scheduling order has passed must also demonstrate good cause to modify the scheduling order under Rule 16(b)(4) of the Federal Rules of Civil Procedure.[14]  This standard requires the movant to show the "scheduling deadlines cannot be met despite [the movant's] diligent efforts."[15]  The movant must "provide an adequate explanation for any delay."[16]  "[G]ood cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."[17]  Another relevant consideration is possible prejudice to the opposing party.[18]

---

[12] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted).

[13] *Minter*, 451 F.3d at 1207.

[14] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014); *see also* Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order "may be modified only for good cause and with the judge's consent").

[15] *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240 (alteration in original) (citation omitted).

[16] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (citation omitted).

[17] *Id.* (alteration in original) (internal quotation marks and citation omitted).

[18] *Id.*

<u>BACKGROUND</u>

This lawsuit concerns a commercial general liability insurance policy Nautilus issued to Back Nine.[19]  Nautilus filed this case in January 2024, seeking a declaration that it had no duty to defend or indemnify Back Nine or Mr. Dickerson (a member of Back Nine) in a separate lawsuit brought against them (the Menaz suit).[20]  Nautilus also asserts a claim for rescission of the policy, based on alleged misrepresentations in Back Nine's insurance application.[21]  Back Nine and Mr. Dickerson filed an answer and counterclaim in February 2024, seeking a declaration that Nautilus had a duty to defend and indemnify them in the Menaz suit.[22]  Under the scheduling order, the deadline to file a motion to amend pleadings was August 13, 2024.[23]

According to Back Nine and Mr. Dickerson, Nautilus served discovery responses on August 7, 2024, containing new information which forms the basis for their proposed amendment.[24]  Specifically, Nautilus disclosed it knew by June 15, 2023, that Back Nine had made alleged misrepresentations on the insurance application.[25]  Back Nine and

---

[19] (*See* Compl. ¶ 1, Doc. No. 1.)

[20] (*Id.* ¶¶ 1, 61–82.)

[21] (*Id.* ¶¶ 1, 83–90.)

[22] (Defs. Back Nine Maint., LLC and Trevor Dickerson's Answer, Affirmative Defenses, and Countercl. (Answer and Countercl.), Doc. No. 23.)

[23] (Scheduling Order 5, Doc. No. 34.)

[24] (Mot. 5–6, Doc. No. 43.)  The motion misstates the year as 2023, but other briefing confirms the relevant discovery responses were served on August 7, 2024.  (*See* Opp'n 5, Doc. No. 47; Reply in Supp. of Mot. for Leave to File an Am. Answer and Countercl. (Reply) 2, Doc. No. 53.)

[25] (*See* Mot. 6, Doc. No. 43.)

Mr. Dickerson assert Utah law required Nautilus to notify them of its intent to rescind the policy within sixty days of learning of the misrepresentations.[26]  Based on the date provided by Nautilus in its discovery response, Back Nine and Mr. Dickerson contend Nautilus failed to meet the sixty-day deadline.[27]

Back Nine and Mr. Dickerson filed their motion to amend on October 9, 2024, seeking to add a new affirmative defense and three new counterclaims based on Nautilus' alleged failure to timely inform them of its intent to rescind the policy.[28] Specifically, they seek to raise an affirmative defense to Nautilus' rescission claim— asserting this claim is barred because Nautilus failed to provide timely notice of its intent to rescind the policy.[29]  They also seek to add new counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty—alleging Nautilus had no basis to attempt to deny coverage and rescind the policy based on Back Nine's alleged misrepresentations, where Nautilus failed to timely inform the insureds of its intent to rescind the policy.[30]

<u>ANALYSIS</u>

A.  *Good Cause to Modify the Scheduling Order Under Rule 16*

Because Back Nine and Mr. Dickerson filed their motion after the August 13, 2024 deadline for bringing such motions, they must first show good cause to modify the

---

[26] (*Id.* at 2, 4–6.)

[27] (*Id.*)

[28] (*Id.* at 1–2.)

[29] (*Id.*)

[30] (*Id.*)

scheduling order.  Back Nine and Mr. Dickerson do not expressly address the good cause standard in their motion (or acknowledge it was filed after the deadline), but they argue the motion is timely because the proposed amendment is based on new information Nautilus provided in its August 7, 2024 discovery responses.[31]  They also note the parties continued to meet and confer about Nautilus' responses after August 7, and Nautilus supplemented its responses on September 23.[32]

In response, Nautilus argues there is no good cause to modify the scheduling order for two reasons.  First, Nautilus contends the proposed new claims and affirmative defense are based on information known to the insureds when they filed their original answer and counterclaim (because they knew Nautilus was seeking to rescind the policy and disclaim coverage based on Back Nine's alleged misrepresentations).[33] Second, Nautilus contends Back Nine and Mr. Dickerson fail to explain why they waited two months after receiving Nautilus' discovery responses to file the motion to amend.[34]

In their reply, Back Nine and Mr. Dickerson attribute the two-month delay to the parties' conferrals regarding the adequacy of Nautilus' discovery responses, and to discussions about whether the parties would stipulate to the proposed amendment.[35] Nautilus objected to the reply, arguing it contains new evidence not presented in the

---

[31] (*Id.* at 2, 5–6.)

[32] (*Id.* at 6.)

[33] (*See* Opp'n 5–7, Doc. No. 47.)

[34] (*Id.* at 7.)

[35] (*See* Reply 3–6, Doc. No. 53.)

original motion.[36]  Nautilus also argued the reply's description of the parties' discussions was incomplete and misleading—and Nautilus provided the underlying emails.[37]  Back Nine and Mr. Dickerson filed a response to the objection, attaching more emails.[38]

As an initial matter, Nautilus' objection to the reply is overruled.  The reply contains no evidence.  Rather, it summarizes communications between counsel leading up to the filing of the motion to amend.  The reply properly addresses this issue in response to Nautilus' untimeliness arguments.  And while Nautilus argues the summary in the reply is incomplete and misleading, it is consistent with the emails provided by Nautilus.  To the extent the emails provide further detail, they do not change the outcome (as explained below).

Turning to the merits, Back Nine and Mr. Dickerson have demonstrated good cause for filing their motion after the scheduling order deadline.  Their proposed amendments are based on new information in Nautilus' August 7, 2024 discovery responses—namely, the date Nautilus learned of Back Nine's alleged misrepresentations on the insurance application.  Nautilus does not contend this information was available to Back Nine and Mr. Dickerson before the August 7 discovery responses.  Instead, Nautilus argues Back Nine and Mr. Dickerson could have brought breach of contract and breach of fiduciary duty claims earlier because

---

[36] (Nautilus Ins. Co.'s Evidentiary Obj. to New Evid. Offered in Back Nine Maint.'s and Trever Dickerson's [53] Reply in Supp. of Mot. for Leave to File an Am. Answer and Countercl. (Obj.), Doc. No. 56.)

[37] (*See* Exs. A & B to Obj., Doc. Nos. 56-1 & 56-2.)

[38] (Back Nine Maint., LLC and Trevor Dickerson's Resp. to Nautilus Ins. Co.'s Obj. to Evid. (Resp. to Obj.), Doc. No. 57; Ex. A to Resp. to Obj., Doc. No. 57-1.)

they have known since this action was filed that Nautilus was seeking to rescind the policy and disclaim coverage based on Back Nine's alleged misrepresentations.[39]  But the proposed new counterclaims are premised, at least in part, on the allegation that Nautilus could not *validly* deny coverage or rescind the policy based on Back Nine's misrepresentations *because Nautilus failed to timely raise the issue within sixty days of learning of the misrepresentations*.  Back Nine and Mr. Dickerson could not have asserted this theory before Nautilus disclosed the date when it became aware of the alleged misrepresentations.  Nautilus also points out that the proposed new claims include other allegations of breach.[40]  But where the newly discovered information provides a basis to bring new counterclaims, Back Nine and Mr. Dickerson may include other allegations supporting those claims.

Next, Back Nine and Mr. Dickerson have shown the August 13 deadline for moving to amend pleadings could not be met despite diligent efforts.  Nautilus served the discovery responses providing the factual basis for amendment on August 7, only four business days before this deadline.  Before moving to amend, Back Nine and Mr. Dickerson needed to review the responses, determine they gave rise to a new defense and counterclaims, and draft both an amended pleading and a motion to amend.  Their failure to accomplish all this within four business days was not unreasonable and does not reflect a lack of diligence.

Further, the motion to amend was filed within a reasonable time after service of the August 7 discovery responses.  The emails provided by Nautilus show Back Nine

---

[39] (*See* Opp'n 5–6, Doc. No. 47.)

[40] (*See id.*)

and Mr. Dickerson were reasonably diligent in pursuing the amendment after discovering the basis for it.  Back Nine and Mr. Dickerson first contacted the other parties (Nautilus and third-party defendant Inszone Insurance Services LLC) about the proposed amendment on September 17, asking them to stipulate to it.[41]  (Back Nine and Mr. Dickerson noted the proposed amendment did not alter the third-party claim against Inszone.)[42]  This was six weeks after receiving Nautilus' discovery responses.  As noted in the motion and reply, the parties were also meeting and conferring regarding the adequacy of Nautilus' responses during this time, and Nautilus served amended responses on September 23.[43]  The same day, Nautilus notified Back Nine and Mr. Dickerson it would not stipulate to the proposed amendment.[44]  Back Nine and Mr. Dickerson then followed up with Inszone and, on October 2, Inszone responded that it did not object to the proposed amendment.[45]  Back Nine and Mr. Dickerson filed their motion to amend seven days later, on October 9, 2024—two months after Nautilus' August 7 discovery responses.  Given the parties' ongoing discussions regarding the adequacy of the discovery responses and whether the proposed amendment would be stipulated, the timing of the motion was reasonable.

---

[41] (*See* Ex. B to Obj., Doc. No. 56-2 at 4.)

[42] (*Id.*)

[43] (*See* Mot. 6, Doc. No. 43; Reply 6, Doc. No. 53.)

[44] (*See* Ex. B to Obj., Doc. No. 56-2 at 3.)

[45] (*Id.* at 2.)

For all these reasons, good cause exists under Rule 16 to modify the scheduling order to permit Back Nine and Mr. Dickerson to file their motion to amend on October 9, 2024.

### B. *Leave to Amend Under Rule 15*

Nautilus argues leave to amend should be denied under Rule 15 because the motion was unduly delayed, amendment at this stage would be unduly prejudicial, and the proposed amendment is futile. None of the factors justifying denial of leave to amend are present here.

As discussed above, the motion was not unduly delayed where it was filed within a reasonable time after discovering the factual basis for the amendment. And Nautilus has not shown an amendment at this stage would cause undue prejudice. Nautilus contends it would be prejudiced because the deadline to serve written discovery has passed and the close of fact discovery is "imminent."[46] When the motion was filed, fact discovery was set to close a month later.[47] But shortly after Nautilus filed its opposition to the motion, the parties stipulated to extend fact discovery,[48] and it has since been extended by stipulation again—to July 10, 2025.[49] The deadline to serve written discovery has also been extended to June 10, 2025.[50] In other words, approximately

---

[46] (Opp'n 9, Doc. No. 47.)

[47] (*See* Scheduling Order 5, Doc. No. 34 (setting the fact discovery deadline on November 12, 2024).)

[48] (*See* Am. Scheduling Order, Doc. No. 50.)

[49] (Second Am. Scheduling Order, Doc. No. 60.)

[50] (*Id.*)

eight weeks remain to conduct discovery on the new claims.  And if this is insufficient, the parties may request additional time.  Nautilus will not be unduly prejudiced by an amendment at this stage.

Finally, Nautilus argues the proposed amendment is futile because the new counterclaims would not survive a motion for summary judgment.[51]   Although leave to amend may be denied based on futility alone,[52] courts may decline to engage in a futility analysis in the context of a motion to amend if the arguments would be more appropriately addressed in dispositive motions.[53]  Here, Nautilus raises several substantive challenges to the viability of the new counterclaims.[54]  But where futility is only one of several factors to be considered on a motion to amend, the parties' briefing on these substantive issues is necessarily truncated—and it does not conform to the requirements of Rule 56 for summary judgment briefing.[55]  Under these circumstances,

---

[51] (Opp'n 10–11, Doc. No. 47.)

[52] *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[53] *See Lambe v. Sundance Mountain Resort*, No. 2:17-cv-00011, 2018 U.S. Dist. LEXIS 162268, at *7–8 (D. Utah Sept. 21, 2018) (unpublished) (declining to engage in a futility analysis where "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment"); *Stender v. Cardwell*, No. 07-cv-02503, 2011 U.S. Dist. LEXIS 38502, at *10–11 (D. Colo. Apr. 1, 2011) (unpublished) (declining to consider futility arguments based on failure to state a claim, where the opposing party failed to assert undue prejudice and could raise the same arguments in the context of a motion to dismiss).

[54] (*See* Opp'n 10–11, Doc. No. 47 (arguing Nautilus' conduct does not constitute breach of the policy and the insured's claims are unripe).)

[55] *See* Fed. R. Civ. P. 56.  For example, Rule 56(c)(1) requires citations to materials in the record to support factual positions.  Nautilus does not support its futility arguments with citations to materials in the record, other than the parties' briefing.

the viability of the new claims is more appropriately addressed in dispositive motions with full briefing.

Nautilus does not contend any other factors justifying denial of leave to amend—bad faith, dilatory motive, or failure to cure deficiencies by amendments previously allowed—are present here.  Where there is no basis to deny leave to amend under the relevant factors, justice requires leave to amend be granted.

<u>CONCLUSION</u>

Back Nine and Mr. Dickerson's motion to amend[56] is granted.  Back Nine and Mr. Dickerson shall file their Amended Answer, Affirmative Defenses, and Counterclaim in the form found at Exhibit A to the motion within seven days.

DATED this 19th day of May, 2025.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[56] (Doc. No. 43.)